# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Respondent,

v.                                                No. 18-cr-1252-RB

FIDEL GONZALES,

        Defendant-Movant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Mr. Gonzales's Motion for Appointment of Counsel. (Doc. 198.) Mr. Gonzales asks the Court to appoint counsel to assist him in filing a motion for home confinement per the First Step Act or the CARES Act. (*See id.*) Having carefully reviewed the record and applicable law, the Court will deny the motion.

**I.     Background**

Mr. Gonzales pled guilty to counts 1 and 2 of an Indictment charging conspiracy to distribute more than 100 grams of heroin in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) and conspiracy to commit international money laundering in violation of 18 U.S.C. § 1956(h). (*See* Docs. 1; 172.) Mr. Gonzales now asks the Court to appoint an attorney to assist him in filing a motion for home confinement under the First Step Act or the CARES Act. (*See* Doc. 198.)

**II.    Discussion**

Mr. Gonzales asks the Court to appoint counsel in this proceeding. (*Id.*) The Court will deny his request. "First, 'no right to appointment of counsel exists when pursuing relief under 18 U.S.C. § 3582(c).'" *United States v. Little*, CR No. 14-195 KG, 2020 WL 2736944, at *1 (quoting *United States v. Olden*, 296 F. App'x 671, 674 (10th Cir. 2008)).

Second, Mr. Gonzales fails to demonstrate exhaustion. *See id.* Prior to the passage of the First Step Act, only the Director of the Bureau of Prisons (BOP) could file a motion for compassionate release. Section 603(b) of the First Step Act now provides that a sentencing court may modify a sentence either upon a motion of the Director of the BOP "or upon motion of the defendant after he has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on his behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility . . . ." 18 U.S.C. § 3582(c)(1)(A). Mr. Gonzales presents no evidence to show that he has made such a request with the warden of his facility. Once he has exhausted his request, he may file a pro se motion for compassionate release, and the Court will consider it.

Finally, Mr. Gonzales mentions the Coronavirus Aid, Relief, and Economic Security Act (the "CARES Act"), Pub. Law 116-136 (enacted Mar. 27, 2020). (Doc. 75 at 2.) The CARES Act allows the BOP Director to "lengthen the maximum amount of time for which the Director is authorized to place a prisoner in home confinement under" 18 U.S.C. § 3624(c)(2). The Court has no "authority to dictate placements to the BOP." *Read-Forbes*, 2020 WL 1888845, at *5 (citing *United States v. Cosby*, 180 F. App'x 13, 13 (10th Cir. 2006).

**THEREFORE,**

**IT IS ORDERED** that the Motion for Appointment of Counsel (Doc. 198) is **DENIED**.

_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE